**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHELLE ROBINSON,** : | |
| Plaintiff : | **CIVIL ACTION NO. 3:14-1426** |
| v. : | **(JUDGE MANNION)** |
| **SALLY BARRY, et al.,** : | |
| Defendants : | |

**MEMORANDUM**

**I.   Background**

Michelle Robinson[1], filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. No. 1). The required filing fee has been paid. Service of the petition has not yet been ordered. For the reasons outlined below, the petition for writ of habeas corpus will be summarily dismissed, without prejudice, for this Court's lack of jurisdiction.

According to the Petition, on November 17, 2010, Petitioner was sentenced in the Lebanon County Court of Common Pleas to twelve (12) months probation for disorderly conduct. (Doc. No. 1, at 1).

Petitioner filed a direct appeal to the Pennsylvania Superior, which affirmed her sentence on December 10, 2012. (Doc. No. 1, at 95).

On July 24, 2013, Robinson's petition for allowance of appeal to the Pennsylvania Supreme Court was denied. (Doc. No. 1 at 1).

On July 24, 2014, Robinson filed the instant federal habeas petition,

---

[1] Petitioner resides at 1123 S. 51st Street, Philadelphia, Pennsylvania.

raising various challenges to her disorderly conduct conviction. (Doc. No. 1, petition).

## II.  Discussion

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner can no longer attack her November 2010 conviction directly as Title 28 U.S.C. §2254(a) contains a jurisdictional requirement. It states that an applicant seeking habeas relief must be "in custody" pursuant to the conviction under attack. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989); Obado v. State of New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. §2241(c)(3). The "in custody" determination is made at the time the section 2254 petition is filed. Carafas vs. LaVallee, 391 U.S. 234, 238 (1968). Once met, jurisdiction is not negated by the petitioner's subsequent release from custody while the petition is pending. Id.

The "in custody" requirement has been liberally construed for the purposes of habeas corpus and does not require that a prisoner be physically confined in

order to bring a habeas corpus petition challenging his sentence. Maleng, 490 U.S. at 492, 109 S.Ct. at 1926. The meaning of "custody" has been broadened so that it is no longer limited in the §2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision." Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir.1997) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242(1963), and Tinder v. Paula, 725 F.2d 801, 803 (1st Cir.1984)). However, "no court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed." Bolus v. District Attorney of Lackawanna County, No. 3:CV-01-1990, 2001 WL 1352120, *1 (M.D. Pa. Oct. 26, 2001)(Caputo, J.); Maleng, 490 U.S. at 491. Additionally, where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng, 490 U.S. at 492. Thus, clearly, "custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or possibility thereof, there is no federal habeas jurisdiction." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971).

At the time Robinson filed her petition she was no longer subject to the terms of her probation, and, as such, was not "in custody" for purposes of directly challenging her November 2010 conviction. Because of the "in custody"

requirement, the Court lacks jurisdiction to entertain her petition. Accordingly, the petition will be dismissed.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: **August 11, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1426-01.wpd